**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00106-CR

_____

### ZYKIA CHARELLE GREEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B240076CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Zykia Charelle Green, originally pleaded guilty to possession of a controlled substance (fentanyl) with intent to deliver in an amount of one gram or more but less than four grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.1123(c) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of four years.

The State subsequently filed a motion to adjudicate Appellant's guilt alleging that she had violated the conditions of her community supervision. Specifically, the State alleged five violations. At the hearing on the State's motion, the State abandoned one of the five violations. Appellant pleaded "not true" to the remaining four violations. Upon the conclusion of the contested hearing, the trial court found three of the four remaining allegations to be "true," adjudicated Appellant guilty, revoked her community supervision, and assessed her punishment at imprisonment for fifteen years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $5,000.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel states that he has professionally and conscientiously examined the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We

2

note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, Appellant executed a written acknowledgement with the community supervision department that, while on community supervision, she used marihuana and consumed alcohol. Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

July 23, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.